J-S72043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SYLVESTER ANDERSON, :
:
Appellant : No. 2008 MDA 2015

Appeal from the PCRA Order October 30, 2015,
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s): CP-21-CR-0000874-2013

BEFORE: GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 16, 2016**

Sylvester Anderson (Appellant) appeals from the from the order of October 31, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court summarized the facts underlying this case as follows.

> On March 8, 2013, Carlisle Borough police initiated a traffic stop of Appellant to serve an arrest warrant [for the sale of crack cocaine that had taken place the week prior, and] unrelated to the present case. When Corporal Timothy Groller activated his overhead lights, he observed Appellant turn from the driver's seat and throw something to the back right of the vehicle, on the passenger's side. Appellant was alone in the vehicle, which was registered to him.
>
> When the police officers arrested Appellant, they found approximately $2,000.00 on his person, folded in several separate bundles. Detective Christopher S. Collare of the

*Retired Senior Judge assigned to the Superior Court.

> Cumberland County Drug Task Force searched Appellant's vehicle pursuant to a search warrant and discovered a black knit glove behind the passenger's side. Inside the glove, he found a zip lock baggie containing six individually packaged glassine bags of heroin totaling .18 grams. Detective Collare did not discover any drug paraphernalia.

***Commonwealth v. Anderson***, 116 A.3d 691 (Pa. Super. 2014) (unpublished memorandum at 1-2) (citations omitted).

Appellant was subsequently charged with possession with intent to deliver (PWID) for the heroin recovered from the backseat of the vehicle. A jury trial was held from September 11 to 13, 2013. Prior to trial, counsel for Appellant and the Commonwealth entered into two stipulations designed to prevent the Commonwealth from mentioning the details surrounding the arrest warrant. First, the Commonwealth "instructed [its] witnesses to say [something] along the lines of pursuant to **another matter** the defendant was **lawfully stopped and taken into custody**, and pursuant to a **lawful search of his person** the money was found." N.T., 9/11-13/2015, at 5-6 (emphasis added). It was the Commonwealth's position that had Appellant not stipulated to this information, then the details leading to the issuance of that arrest warrant would be admissible into evidence as *res gestae*.[1]

---

[1] The actions leading to the prior arrest warrant would have been subject to Pa.R.E. 404(b), which governs the admissibility of crimes, wrongs, or other acts. One exception to this rule is the *res gestae* exception, which can be "invoked when the bad acts are part of the same transaction involving the charged crime." ***Commonwealth v. Brown***, 52 A.3d 320, 332 (Pa. Super. 2012). It was the Commonwealth's position that the arrest warrant for the sale of crack cocaine would have been admissible under this exception.

The second stipulation related to the finding of cocaine residue on the $2,000 found on Appellant. When the Commonwealth performed Ionscan testing on that money, it tested positive for high amounts of cocaine. Because the Commonwealth was seeking to prove PWID, the parties agreed that the detective could testify that "typically street level drug traffickers don't only sell one type of drug, and therefore it's common to find cocaine on the money." *Id*. at 6. Thus, the purpose of both stipulations was to prevent the Commonwealth from mentioning the fact that Appellant's prior arrest warrant was for the sale of crack cocaine.

At trial, witnesses for the Commonwealth testified consistently with the stipulations. Appellant also testified at trial in his defense.

> Appellant testified that he sometimes slept in his car, and kept his valuables there, in order to keep them safe from other boarding house tenants, who often stole his property. However, he denied ownership of the heroin found in his vehicle. Appellant stated that he bundled the money found on him the way he did because it was to be used for separate purposes, and his mother briefly testified that she had given him a total of $5,000.00 for an apartment rental over February and March. Appellant maintained that he was a severe heroin addict, not a drug dealer, although his drug and alcohol evaluation did not show that he had an addiction to heroin.

> On rebuttal, and over defense counsel's objection, the Commonwealth played a prison telephone conversation between Appellant and his aunt in which he unsuccessfully tried to convince her to testify that he was a heroin addict. As explained by the trial court: "In the brief conversation, [Appellant] told his aunt what to say to support his 'addict defense.' When she told him she could not say what he wanted, [Appellant] pleaded with her to say it anyway."

*Anderson*, 113 A.3d 691 (Pa. Super. 2014) (unpublished memorandum at 3-4) (citations and footnotes omitted).

In other words, Appellant's defense was that the heroin found in his car was not his heroin, and even if it was his heroin, it was for his own use, not to sell to others. On September 13, 2013, the jury found Appellant guilty of PWID and possession of a controlled substance. On November 5, 2013, the trial court sentenced him to a term of not less than one nor more than five years of incarceration, plus fines and costs. The trial court denied Appellant's motion to modify his sentence on November 19, 2013, and Appellant timely appealed.

On December 18, 2014, this Court affirmed Appellant's judgment of sentence. *Id*. Specifically, this Court concluded that the evidence was sufficient to support Appellant's PWID conviction; that the verdict was not against the weight of the evidence; and that the trial court did not err by admitting the recording of the phone call between Appellant and his aunt. *Id*.

On February 27, 2015, Appellant *pro se* filed a PCRA petition. Attorney Jacob M. Jividen was appointed to represent Appellant. On May 1, 2015, counsel filed an amended PCRA petition and a petition requesting that the Commonwealth produce dashboard camera video from the police cars involved in Appellant's stop. The Commonwealth responded to Appellant's petition for production of the dashboard camera video by filing a brief with

the PCRA court. Specifically, the Commonwealth averred, *inter alia*, that it had requested the video, but learned that there "is no video evidence available from … the primary police vehicles involved in the traffic stop[.]" Commonwealth Reply, 6/2/2015, at 1. On July 8, 2015, Appellant filed a second amended PCRA petition. An evidentiary hearing was held on July 27, 2015. On October 30, 2015, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises numerous issues, which we address mindful of the following principles. "Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

As some of Appellant's issues implicate the effective assistance of trial counsel, we are guided by the following. "It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must show each of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or

her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* "Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1061 (Pa. 2012). Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

Appellant first argues that trial counsel was ineffective in failing to challenge the validity of the arrest warrant that led to the stop of his vehicle. Appellant contends that the arrest warrant was invalid because police did not file a criminal complaint with supporting affidavit prior to the issuance of the arrest warrant. Specifically, Appellant avers that "he was never charged with crimes related to a controlled buy of cocaine." Appellant's Brief at 20.

The PCRA court concluded that this issue is without arguable merit. The PCRA court reviewed the docket in a prior case which revealed criminal proceedings against Appellant at CP-21-CR-0842-2013. PCRA Court Opinion, 10/30/2015, at 7. That docket showed a criminal complaint was filed on March 7, 2013, for a possessory drug offense occurring on March 2, 2013. That charge was disposed of at the magisterial district court level on March 23, 2013.

Appellant does not disagree with the existence of this docket, but argues that it was error for the PCRA court to take judicial notice of this fact.

Therefore, Appellant suggests that it is not part of the certified record and cannot be considered by this Court on appeal. Appellant's Brief at 21.

It is well-settled that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). For example, "[c]ourts may take judicial notice of the record and prior proceedings in the case in which they are currently involved." *Commonwealth v. Martell*, 452 A.2d 873, 875 (Pa. Super. 1982). Thus, a criminal docket maintained by the clerk of courts may be judicially noticed, and therefore the PCRA court could properly rely on this information in reaching its conclusion. Accordingly, we agree with the PCRA court that there is no arguable merit to Appellant's position that trial counsel was ineffective in failing to file a motion challenging the validity of the original arrest warrant on the basis that no criminal charges had been filed. No relief is warranted on this issue.

Appellant's next four issues relate to the absence of dashboard camera video from the primary police vehicle involved in this case. Appellant's Brief at 22-33. By way of background, after Appellant was stopped and arrested pursuant to the arrest warrant, Appellant's vehicle was towed to the secure evidence bay at the police station. N.T., 9/11-13/2015, at 103. Police then obtained a warrant to search the vehicle based, in part, on the officer's

having seen Appellant toss an item over his shoulder. The affidavit of probable cause for the search warrant provided the following, in relevant part.

During the first week of March 2013, your affiant did conduct a drug investigation which resulted in the controlled purchase of an illegal schedule II controlled substance. During this controlled purchase which occurred in the Borough of Carlisle in Cumberland County, [Appellant] did sell the illegal controlled substance from inside of his 2002 Ford Escape….

On Friday, March 8, 2013 an arrest warrant was served on [Appellant] at the intersection of Lincoln and College Streets. [Appellant] was observed driving his 2002 Ford Escape … west in the 300 block of Lincoln Street. During the traffic stop Cpl. Groller did observe [Appellant] "toss" an unknow[n] item towards the rear of the passenger compartment of the vehicle. A search incident to arrest did result in almost $2000 in cash being recovered from [Appellant]. [Appellant] is currently unemployed. The money recovered was in wads in the amounts of $180, $190, $200, $220, $400, etc. and were located in the front pants pocket.

Based upon the known drug transaction conducted by [Appellant] that occurred inside of his 2002 Ford Escape …, Cpl. Groller observing [Appellant] "toss" an item inside of the vehicle and the amount and separate denominations of money recovered from [Appellant] incident to his arrest, your affiant is requesting a search warrant for illegal controlled substances, drug paraphernalia, cell phones and other drug related items that may be located inside of the 2002 Ford Escape … belonging to and being driven by [Appellant] at the time of his arrest for an active drug delivery warrant.

Affidavit of Probable Cause, 3/11/2013.

Police conducted the search pursuant to this warrant two days later. N.T., 9/11-13/2015, at 104. During this search, police viewed a black glove in plain view on the floor behind the front passenger seat. Inside that glove

was a clear "plastic sandwich type baggie" containing "six bags of … heroin." *Id*. at 109.

Appellant claims that the failure of the Commonwealth to provide the dashboard camera video depicting the incident violated his constitutional rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant's Brief at 27. Specifically, he argues that this video would have shown that he never turned around and threw something over his shoulder, which would have supported his belief "that the drugs were planted in his vehicle once it got to the impound lot." N.T., 7/27/2015, at 38.

> [Our Supreme] Court has explained that, in order to establish a *Brady* violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant.

*Commonwealth v. Willis*, 46 A.3d 648, 656 (Pa. 2012). "The burden rests with the appellant to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." *Commonwealth v. Ovalles*, 144 A.3d 957, 965 (Pa. Super. 2016) (internal quotation marks omitted).

At the PCRA hearing, Corporal Groller testified about the existence of the dashboard camera video. He testified that his vehicle was equipped with a dashboard camera; however, he opined "that it was not recording. We did not find a video from that car that night." N.T., 7/27/2015, at 29. He testified that despite the department's policy to destroy evidence after two

years, there were still videos from the March 2013 time period when he searched in April of 2015. Corporal Groller found video from other cars involved in this incident; however, the CD produced from his vehicle had "nothing on" it. *Id*. at 31.

Based on the foregoing, it is clear that Appellant has not met his burden in showing that the evidence was either withheld or suppressed by the Commonwealth. In fact, the only evidence of record suggests that the dashboard camera video never existed in the first place. Thus, Appellant is not entitled to relief on his *Brady* claim. *See Commonwealth v. Tedford*, 960 A.2d 1, 31 (Pa. 2008) (holding no *Brady* violation where "appellant has not even proven the existence of some of the evidence, such as alleged undisclosed crime scene drawings, striation analysis, and the UPS log").

Appellant also contends that trial counsel was ineffective for failing to request the dashboard camera video. However, because Appellant failed to establish the evidence existed, there is no arguable merit to this contention, and counsel could not have been ineffective on this basis.

Appellant next suggests that counsel was ineffective in failing to file a motion to suppress evidence in this case. Appellant's Brief at 27-31. Specifically, Appellant argues that "had counsel attempted to obtain the dash-cam video, Appellant submits that the video would have negated probable cause." *Id*. at 30. Appellant also suggests that counsel was

ineffective for failing to investigate the existence of this video in a timely fashion. *Id*. at 31-33.

Once again, since the video did not exist, it does not matter when counsel first requested the video. Moreover, counsel was not ineffective in failing to file a motion to suppress the evidence on this basis, as the non-existent video would not have warranted suppression of the heroin. Thus, these four issues do not warrant relief for Appellant.

Appellant next contends that trial counsel's "representation was woefully inadequate" because counsel only "met with Appellant in person once" and the "only time trial strategy or a defense to the charges was discussed was the day of trial." Appellant's Brief at 33. Appellant also argues that trial counsel was ineffective by failing to prepare Appellant adequately for cross-examination because he admitted to buying heroin for other people.[2] *Id*. at 37-39.

In considering these issues, the PCRA court concluded the following.

> While [Appellant] testified extensively that he only met [trial counsel] once to discuss his retainer fee and never discussed his discovery packet or his defense until five minutes before trial, we do not find his testimony credible. "Credibility determinations are the province of the PCRA Court." *Commonwealth v. Battle*, 883, A.2d 641, 648 (Pa. Super.

---

[2] Appellant testified that on March 8, 2013, he "was going to get alcohol and some drugs … to do some drugs … to purchase to go get some drugs." N.T., 9/11-13/2013, at 167. When asked how he buys his heroin, Appellant testified that it "was not just for [him]." *Id*. at 177. On cross-examination, Appellant testified that when he would purchase heroin, he would often purchase it for someone else. *Id*. at 186. *See also id*. at 187 ("[E]very time I go to get heroin, it's not just for me…. [it's] for me and a friend.").

2005). By contrast, the court finds [trial counsel's] testimony to be credible. [Trial counsel] testified that he met with [Appellant] three to four times at the prison, set up conversations with [Appellant's] prison counselor, and took several phone calls from [Appellant] at his office. In total, [trial counsel] spoke with [Appellant] over ten times regarding [Appellant's] defense strategy. Among other things, [trial counsel] arranged for a polygraph test at [Appellant's] request, discussed the pre-trial suppression motion, the dashboard camera video, and, reviewed the discovery packet at the prison, during which [Appellant] pointed out that his guideline range was incorrect. On the basis of the [PCRA court's] credibility determinations, [Appellant's] claim fails for lack of arguable merit.

\*\*\*

[Appellant] argues that because [trial counsel] met with [him] once, on the day of trial, he could not have possibly advised [Appellant] that an admission he bought heroin to share with another person would provide enough evidence to convict him. As previously discussed, we do not find [Appellant's] testimony credible. [Trial counsel] testified that he met or spoke with [Appellant] over ten times. In discussing trial strategy, [Appellant] first insisted that he deny that he ever possessed the heroin in his vehicle. The alternative strategy devised was that if [Appellant] did possess the drugs they were for personal use, not distribution. Given this extensive preparation, counsel cannot be held responsible for [Appellant's] voluntary decision to expand upon his agreed upon trial strategy and make damaging remarks. Moreover, having listened to [Appellant] testify at trial and at the hearing, we submit that Clarence Darrow would have had difficulty prepping him. As is often the case with litigants who attempt to deflect the blame, [Appellant] is and was his own worst enemy.

PCRA Court Opinion, 10/30/2015, at 10-11, 14 (citations to notes of testimony omitted).

The conclusions of the PCRA court are supported by the record. Trial counsel testified, as summarized by the PCRA court, that he met with Appellant "several times at the prison." N.T., 7/27/2015, at 36. Trial

- 12 -

counsel spoke to Appellant's prison counselor and also spoke to Appellant by phone. *Id*. at 36-37. Trial counsel testified extensively about his preparation for this case and the discussions he had with Appellant. Moreover, as pointed out by the PCRA court, counsel cannot be held responsible for all of the statements made by Appellant under these circumstances. Accordingly, we agree with the PCRA court that these claims lack arguable merit.

Appellant next argues that the PCRA court erred in concluding that trial counsel was not ineffective in failing to object to certain prejudicial testimony that focused on the initial stop of Appellant. Appellant's Brief at 34-37. Appellant argues that it was prejudicial for the jury to hear "that nine police officers and five police vehicles were used in 'affecting [*sic*] a lawful stop' of Appellant's vehicle."[3] *Id*. at 35. Appellant goes on to argue that this information left "no doubt [that] the jury believed there was much more involved in this case than a simple stop of Appellant's vehicle." *Id*. Appellant also contends that trial counsel was ineffective for not objecting to Officer Rogers' testimony where he testified that Appellant was searched

---

[3] At trial, Corporal Groller testified that he was one of eight or nine police officers engaged in the lawful stop. N.T., 9/11-13/2013, at 37. Similarly, Officer David Rogers testified that he was one of "nine officers there." *Id*. at 76. In addition, Appellant testified on cross-examination that there were eight officers involved in his arrest. *See id*. at 169.

"incident to arrest."[4] N.T., 9/11-13/2013, at 76; *see* Appellant's Brief at 37. In addition, Appellant argues that trial counsel was ineffective in failing "to move for a mistrial based upon Appellant['s] admitting during his testimony that he had been arrested."[5] Appellant's Brief at 36.

In considering these issues, we bear in mind that "[w]hen it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met." *Commonwealth v. Wright*, 961 A.2d 119, 148 (Pa. 2008). In addition, "[c]ounsel is not ineffective for failing to raise meritless claims." *Id*. at 149.

In concluding that counsel was not ineffective in failing to object to or move for a mistrial on the basis of this testimony, the PCRA court pointed out that "[t]he number of arresting officers and vehicles is simply part of [the history of the case]." PCRA Court Opinion, 10/30/2015, at 12. Thus, the PCRA court held that this testimony would have been admissible even had counsel objected. In addition, the PCRA court held that Officer Rogers'

---

[4] Per the stipulations entered into prior to trial, the Commonwealth's witnesses were supposed to say that Appellant was lawfully searched, rather than searched incident to arrest.

[5] On cross-examination, Appellant answered affirmatively to the Commonwealth's question asking if "an officer pulled [him] out and arrested [him]." N.T., 9/11-13/2013, at 169.

testimony was in the context of "discussing the origin of the money in the greater context of solidifying its chain of custody." *Id*. at 13.

We agree with the PCRA court's conclusions. References to multiple officers and vehicles being utilized in a lawful stop of Appellant were not so prejudicial that Appellant is entitled to a new trial. Similarly, two references to Appellant's having been arrested are also not so prejudicial as to warrant a new trial where Appellant was actually on trial because police found heroin in Appellant's car. Accordingly, Appellant is not entitled to relief on these issues.

Appellant next argues that trial counsel was ineffective in failing to object to allegedly prejudicial Ionscan testimony. Appellant's Brief at 41. In considering this issue, it is important to point out that trial counsel entered into a stipulation with the Commonwealth in order to eliminate the most prejudicial aspect of the potential testimony, specifically that the arrest warrant had been issued for the sale of crack cocaine. Thus, the issue to be considered at this juncture is whether trial counsel was ineffective by entering into this stipulation in the first place. Appellant has not briefed or argued this issue. Accordingly, he is not entitled to relief. See *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) ("The failure to develop an adequate argument in an appellate brief may [ ] result in waiver of the claim under Pa.R.A.P. 2119.") (internal quotation marks omitted).

Furthermore, even if Appellant had presented argument on this issue, we would not find counsel ineffective. The record is clear that counsel entered into the stipulation regarding the Ionscan testimony in order to eliminate the more prejudicial testimony that Appellant was arrested for the sale of crack cocaine. N.T., 9/11-13/2013, at 6. As this was a reasonable action on counsel's part, counsel could not have been ineffective.

Finally, Appellant argues that the PCRA court erred by not concluding that trial counsel was ineffective for his "failure to adequately argue that the evidence was insufficient to support Appellant's [PWID] conviction." Appellant's Brief at 43. However, as the PCRA court points out, trial counsel did indeed raise this issue in Appellant's direct appeal. A panel of this Court concluded that the evidence was sufficient to sustain Appellant's PWID conviction. **See Anderson**, 113 A.3d 691 (Pa. Super. 2014) (concluding that the evidence was sufficient to sustain Appellant's PWID conviction where the Commonwealth proved beyond a reasonable doubt that Appellant constructively possessed the heroin found in the glove in the vehicle where Appellant owned the vehicle and was the sole occupant of the vehicle). At this juncture, Appellant appears to believe that counsel should have argued other theories to support the argument that Appellant did not constructively possess the heroin. **See** Appellant's Brief at 43 (pointing out that Appellant's fingerprints were not found on the glove or heroin). However, these theories would not have changed the conclusion reached by this Court in

Appellant's direct appeal. Accordingly, trial counsel was not ineffective by not advancing them, and Appellant is not entitled to relief on this basis.

For the foregoing reasons, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016